UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD UTRIA,

    Plaintiff,

v.                                            Case No. 5:23-cv-175-TKW/MJF

DEPARTMENT OF CORRECTIONS,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 26, 2023, the undersigned ordered Plaintiff to file an amended complaint on the court-approved form and to pay the filing fee or move for leave to proceed *in forma pauperis*. Doc. 8. The undersigned directed the clerk of the court to send to Plaintiff the court-approved forms. *Id.* The undersigned imposed a deadline of July 26, 2023, for Plaintiff to comply.

On July 10, 2023, Plaintiff filed a 52-page handwritten document titled "Title of Pleading," which purportedly was a "complaint for violation of civil rights against (FDOC) and staff members at Apalachee C.I.E/U." Doc. 9 at 1. This document was not accompanied by the filing fee or a motion to proceed *in forma pauperis*.

The undersigned advised Plaintiff that this "complaint" was deficient because, among other things, it was not on the court-approved form. Doc. 10. The undersigned reminded Plaintiff that Plaintiff had until July 26, 2023, to submit (1) an amended complaint on the court-approved form and (2) the filing fee or a motion for leave to proceed *in forma pauperis*. *Id.* The undersigned warned Plaintiff that the failure to comply with the undersigned's orders likely would result in dismissal.

On July 12, 2023, Plaintiff submitted a second handwritten document titled "Title of Pleading," which purports to be a "1983 complaint for violation of civil rights against the Department of (DOC) and Staff Members at Apalachee C.I. East/Unit." Doc. 11 at 1. This document was not on the court-approved form.

On August 7, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of June

26, 2023. Doc. 12. The undersigned imposed a deadline of August 21, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action if a party fails to comply with a court order). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has not shown good cause for his failure to comply with the undersigned's orders and has offered no excuse for his failures. Accordingly, dismissal of this civil action is appropriate.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice for failure to comply with court orders and failure to prosecute.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 5th day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**